(22 Misc. Rep. 331.)

## WOETJEN v. GELLERT.

(Supreme Court, Appellate Term.   January 17, 1898.)

GOODS SOLD—ACTION FOR PRICE.

In an action to recover for milk alleged to have been delivered to defendant, at 356 Houston street, between March 3 and May 7, 1893, it appeared clearly from the testimony of disinterested witnesses that during that period the place was kept by a stranger, and that no milk was delivered there to the defendant, and it appeared from plaintiff's testimony that he had doubts as to the particular year in which the alleged deliveries were in fact made. *Held*, that a judgment of the trial justice in favor of plaintiff was not warranted.

Appeal from First district court.

Action by George Woetjen against Morris Gellert. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Alfred & Charles Steckler, for appellant.

August P. Wagener, for respondent.

DALY, P. J.   The plaintiff, a milk dealer, claimed $116.11, balance for milk furnished, as alleged, to defendant, a retail dealer, between March 3 and May 7, 1893, and recovered judgment for the full amount, with interest. The answer was a general denial. It is claimed that plaintiff failed to prove his case. The milk was delivered at the corner of Avenue C and Houston street, and deliv-

eries commenced, according to plaintiff's evidence, sometime before the first date mentioned, upon orders given, as alleged, by defendant, about half a year before. This was the plaintiff's testimony, and his driver testified that he knew the defendant, and delivered the milk to him at the place mentioned. On defendant's behalf, a witness, Max Lowenthal, testifies that from 1889 to August, 1893, he kept a grocery at 356 Houston street, which, it appears from the plaintiff's own Exhibit, is the corner of Avenue C, and that he took milk from one Eschweig, and that the defendant had nothing to do with the business. The agent of the owner of the premises occupied by Lowenthal was called, and testified that the latter was the tenant of the place during the period in question, and that the defendant had nothing to do with it. The defendant, in his own behalf, testified that he was not in the place between March 3 and May 7, 1893, and bought no milk between those dates from the plaintiff; that he did occupy the place from August, 1893, after Lowenthal moved out, and took milk from the plaintiff, and paid for it; that the bills produced on the trial by plaintiff were made out to "A. Gellert," who was his son. Plaintiff, being recalled, stated that he delivered milk to A. Gellert, defendant's son, at a different place, namely, in Rivington and Attorney streets; but he could not say if the bill for it was in 1894, and, in answer to the question, "Will you swear this was not sold in 1894?" he answered, "I don't know." If this question referred to the charge in suit (and it may be inferred that it did), then the plaintiff confessed to doubts as to the year in which he made the deliveries sued for; and his whole right to recover depended upon his establishing by satisfactory evidence that the defendant was responsible for deliveries during the period claimed for. It is manifest from the testimony of disinterested witnesses that, during the period of the alleged deliveries of milk to the defendant at the corner of Houston street and Avenue C, that place was kept by a stranger, and that no milk was delivered there to the defendant. The judgment will therefore have to be reversed, and a new trial ordered.

Judgment reversed, new trial ordered, with costs to appellant to abide event. All concur.